**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harris Enterprises LLC doing business as Hospitality Staffing Solutions,<br><br>Plaintiff,<br><br>v.<br><br>Hospitality Staffing Solutions LLC, a foreign limited liability company, et al.,<br><br>Defendant. | No. CV12-0269 PHX DGC<br><br>**ORDER** |

Plaintiff Harris Enterprises, LLC has filed a motion for leave to amend its complaint and to remand this case to state court. Doc. 14. Defendant Hospitality Staffing Solutions, LLC opposes the motion. Doc. 16. The motion is fully briefed, and the Court heard oral argument on April 25, 2012. For the reasons that follow, the Court will grant the motion and remand this case to state court.

**I.     Background.**

Plaintiff and Defendant both participate in the business of placing temporary and permanent employees in the food and hospitality industries. Plaintiff originally sued Defendant in state court, asserting claims for breach of a settlement agreement, trademark infringement, unfair competition, and unjust enrichment. Doc. 1-1 at 5. On February 6, 2012, Plaintiff filed an amended complaint which added claims for interference with contracts (customers), interference with contracts (employees), and misappropriation of trade secrets. Doc. 1-2 at 2. The new claims alleged that Defendant had hired Plaintiff's former Staff Manager, Jeycy Torres, had utilized trade secret

information in the possession of Ms. Torres, and had interfered with Plaintiff's contracts with customers and employees. Two days later, on February 8, 2012, Defendant removed the case to this Court. Doc. 1. The removal was based on diversity jurisdiction under 28 U.S.C. § 1332. *Id*.

Plaintiff's motion to amend, filed on March 29, 2012, seeks to add Ms. Torres as a Defendant in this case. Because Ms. Torres is a citizen of Arizona and Plaintiff is an Arizona limited liability company doing business in Maricopa County, the addition of Ms. Torres as a Defendant would destroy complete diversity and require remand to state court. Defendant argues that the addition of Ms. Torres to this case would constitute fraudulent joinder and is being proposed solely for the purpose of destroying diversity jurisdiction.

**II. Legal Standard.**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Court's decision under this statute is discretionary. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). "Fraudulent joinder," as claimed by Defendant, exists when a Plaintiff fails to state a cause of action against the Defendant and the failure is obvious according to the settled rules of the state. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). There is a general presumption against fraudulent joinder, and Defendant bears the burden of proof. *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

**III. Analysis.**

"Relevant factors to the court's inquiry under § 1447(e) include: (1) whether the party sought to be joined is a necessary party under Rule 19(a) . . . ; (2) the plaintiff's motive for seeking joinder; (3) the delay adding the new defendant; (4) whether, if joinder is denied, the statute of limitations would bar an action against the new defendant in state court; (5) the apparent validity of the claim; and (6) any prejudice to the plaintiff

if the amendment is denied." *Huffman v. American Family Mut. Ins. Co.*, No. CV 10-2809-PHX-FJM, 2011 WL 814957 at *1 (D. Ariz., Mar. 4, 2011). The Court will address each of these considerations separately.

### A. Rule 19(a).

Rule 19(a) requires joinder of persons whose absence would preclude granting complete relief, would impede their ability to protect their interests, or would subject any of the parties to the danger of inconsistent results. "In analyzing joinder under § 1447(e), however, the standard is less restrictive." *Huffman,* 2011 WL 814957 at *2. The standard is met when failure to join will lead to separate and redundant actions, but is not met when the proposed defendant is only tangentially related to the action or would not prevent complete relief. *Id.*

Plaintiff explains that it sought to sue Ms. Torres after it learned that she had left Defendant's employment. Prior to that time, Plaintiff assumed that Ms. Torres, as an employee of Defendant, would be bound by any injunction entered against Defendant in this action. *See* Fed. R. Civ. P. 65(d)(2)(B) (injunction binds party's employees). Once it learned that Ms. Torres was no longer employed by Defendant, Plaintiff concluded that it must sue her separately in order to bind her to any injunction entered in this case.

Given this rationale for suing Torres, it is apparent that denial of the motion to amend would result in Plaintiff suing Torres in state court and, therefore, in separate and redundant actions. Although denial of the motion to amend likely would not prevent the Court from according complete relief between Plaintiff and Defendant, it would deny Plaintiff complete relief in this action because Plaintiff would be compelled to file a second action to bind Ms. Torres and preclude her from sharing Plaintiff's trade secrets. Thus, although the strict requirements of Rule 19(a) are not satisfied, the Court concludes that the less restrictive consideration under the first element of § 1447(e) is satisfied. This factor therefore favors granting of the motion to amend.

### B. Motive.

As noted above, Plaintiff seeks to name Ms. Torres in order to bind her to any

injunction in this case that forbids the wrongful use of Plaintiff's trade secrets. Defendant has not provided a basis for doubting this motive. Although Defendant argues that Plaintiff seeks to add Torres solely to destroy diversity jurisdiction, the facts suggest otherwise. Plaintiff asserted its trade secret arguments, based on Ms. Torres' employment by Defendant, before this case was removed from state court. Plaintiff did not learn of Ms. Torres' departure from Defendant's employment until after the case had been removed. These facts support Plaintiff's claimed motive for seeking to add Ms. Torres to this litigation – to bind her to any injunction entered in this case. This factor favors granting of the motion to amend.

### C.   Delay.

Plaintiff learned of Ms. Torres' departure from Defendant's employment on March 14, 2012. Doc. 14 at 6. The motion to amend was filed on March 29, 2012. This is not serious delay. Moreover, the motion has been filed early in this case, before the commencement of discovery. This factor favors granting the motion to amend.

### D.   Statute of Limitations.

A claim by Plaintiff against Ms. Torres in state court would not be barred by the statute of limitations. This factor favors denying the motion to amend.

### E.   Strength of Claim.

Defendant asserts that Ms. Torres never signed a confidentiality agreement as alleged by Plaintiff, that any such agreement would be invalid, and that the information in her possession does not qualify as trade secrets. Plaintiff disputes these assertions, arguing that Ms. Torres did sign a confidentiality agreement, that it imposes reasonable restrictions given the nature of Plaintiff's business, and that her position as Staff Manager for Plaintiff exposed her to significant secret information that provides a distinct commercial advantage to Plaintiff. The parties clearly have factual disputes on these issues. The Court cannot conclude at this stage of the litigation that Plaintiff's claims against Ms. Torres lack merit. Because Defendant bears the burden of proof on this issue, this factor favors granting the motion to amend.

### F. Prejudice to Plaintiff.

If the motion to amend is denied, Plaintiff will be forced to prosecute two actions simultaneously. The issues in the two actions would be virtually identical. Forcing Plaintiff to engage in such duplicitous litigation qualifies as prejudice to Plaintiff. This factor favors granting the motion to amend.

### G. Summary.

Five of the six relevant factors favor granting Plaintiff's motion to amend. Defendant has not overcome the presumption against fraudulent joinder. The Court will exercise its discretion and grant the motion to amend. Because the amendment will defeat subject matter jurisdiction in this Court, the case will be remanded to state court.

**IT IS ORDERED:**

1. Plaintiff's motion for leave to amend (Doc. 14) is **granted**.

2. The Clerk is directed to remand this case to Maricopa County Superior Court.

3. Because the Court lacks subject matter jurisdiction over the amended complaint, the Court will not address the requests for expedited discovery, a protective order, and a preliminary injunction.

Dated this 27th day of April, 2012.

_David G. Campbell_
David G. Campbell
United States District Judge